

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 1:19-CR-125** |
| | § | |
| | § | |
| **DEANTONIO LIONEL RIGGS** | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S COMPETENCY TO PROCEED

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now enters its recommendation that the District Court find the defendant, Deantonio Lionel Riggs, competent to proceed.

A. Procedural History

On August 7, 2019, a federal grand jury indicted Mr. Riggs on one charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See Indictment* (doc. #2). The undersigned appointed the Federal Defender's office to represent Mr. Riggs at his initial appearance on August 20, 2019. His attorney then filed an unopposed motion for psychiatric or

psychological examination to determine competency and sanity (doc. #10) on August 27, 2019. The undersigned granted that motion on August 28, 2019, and Mr. Riggs was committed to the custody of the Attorney General for an examination by a psychiatrist or psychologist pursuant to 18 U.S.C. §§ 4241 and 4242, where he was to be examined pursuant to the provisions of 18 U.S.C. § 4247(b).  *See Order* (doc. #11).

On December 13, 2019, the Court received a forensic evaluation recommending the commitment of Mr. Riggs to a Federal Medical Center (FMC) for treatment for purposes of restoring competency.  *See Sealed Forensic Evaluation* (doc. #12).  The undersigned accordingly entered an order extending the defendant's commitment for restoration of competency.  *See Order* (doc. #13).

B.    Current Competency Findings Before the Court for Consideration

On October 5, 2020, the warden for the FMC in Springfield, Missouri, issued a letter notifying the Court and counsel that the commitment and forensic evaluation of Mr. Riggs had been completed.  *See* doc. #16-2.  The warden also forwarded a Certificate of Competency (*see* 18 U.S.C. § 4241(e)), as well as a copy of the most recent forensic evaluation prepared by the forensic psychology staff at FMC Springfield.  *See* doc. #16.

The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government.  In the report, Dr. Lea Ann Preston Baecht opined that Mr. Riggs is currently competent to proceed because his symptoms of mental illness are presently well-controlled with psychiatric mediation and they do not currently impact his competency- related abilities.  *See*

*Report* (doc. #16), at p. 8. She further stated the Mr. Riggs is expected to remain competent for the duration of his legal proceedings if he continues his current medication regimen. *Id.* She relatedly recommended that these proceedings be addressed as expeditiously as possible "in order to minimize the likelihood that he will become noncompliant with treatment and decompensate[.]" *Id.* at pp. 8-9.

On February 4, 2021, the Court conducted a competency hearing to address the findings set forth in the psychological report. Given the opportunity, neither party objected to the report nor offered evidence disputing the examiner's conclusion that Mr. Riggs is now competent to proceed.

    C.    <u>Conclusion and Recommendation</u>

Pursuant to 18 U.S.C. §§ 4241(d) and (e), the undersigned United States Magistrate Judge finds by a preponderance of the evidence that the defendant, Deantonio Lionel Riggs, has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly, based upon the opinion issued by the forensic psychological examiner and the agreement of the parties, at this time the Court recommends that defendant be found competent to proceed pursuant to 18 U.S.C. § 4241.

D. <u>Objections</u>

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of February, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE